■ In the Matter of SYLVIA R. WILLIAMS, Respondent, v NEW YORK CITY PARKING VIOLATIONS BUREAU, Appellant. [693 NYS2d 595] —Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered February 4, 1998, which annulled a decision by respondent's Appeals Board and vacated default judgments against petitioner, unanimously reversed, on the law, without costs, the petition denied, and respondent's decision affirming the default judgments reinstated and confirmed.

Petitioner was the owner of an automobile whose registration was canceled in December 1992, when her automobile insurance was suspended. Nevertheless, from July 1992 through June 1994, petitioner received 83 summonses from the Parking Violations Bureau (PVB) for a variety of parking and registration related infractions. Respondent obtained default judgments on these summonses for close to $10,000. Four of the

summonses were dismissed after a hearing by mail, but the vast majority of judgments remained. By February 1995 there were still 70 summonses outstanding, with the amount due totaling more than $6,000. Two years later, petitioner filed a notice of administrative appeal, pointing to her "Lemon Law" litigation against the dealer who had sold her the car, her health problems and those of her parents (her mother eventually died), and simply her inability to pay the tickets. Even though the appeal was untimely, the Parking Violations Appeals Board granted her a hearing, but unanimously affirmed the denial of petitioner's motion to vacate any more of the judgments outstanding. This CPLR article 78 proceeding ensued.

In granting the petition and vacating all of the PVB default judgments, the IAS Court cited respondent's cursory treatment of petitioner's medical condition and repeated hospitalizations as an abuse of discretion that was "magnified by the apparent injustice of assessing approximately $10,000 worth of tickets to an automobile which would have been worth a third as much had it not been a lemon".

Respondent's decision after administrative appeal should have been upheld. The claim that the car was a "lemon" and the subject of consumer fraud litigation does not exonerate petitioner for failure to respond to summonses for missing or improper license plates, or missing, expired or improperly displayed registration or inspection stickers. Nor does the supposed inoperability of the car explain away summonses issued at various locations throughout the borough for double-parking, parking by hydrants, or parking on the sidewalk. Petitioner never submitted any evidence to the PVB concerning her own or her parents' medical problems. As to her financial hardship, petitioner was aware of the possibility of working out a flexible payment plan with the PVB to reduce her debt. Indeed, she entered into such a plan in 1993 as a condition for retrieving her car after it had been towed away, but then quickly ignored her obligations under the plan. Respondent even granted her an appellate hearing after she was two years late in filing her administrative appeal.

There was no abuse of discretion here. Respondent's decision was neither arbitrary nor capricious, and should not have been disturbed (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-231). Concur—Williams, J. P., Wallach, Andrias and Friedman, JJ.